UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| KENNETH WAYNE BLAKE,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 14-03344-AS<br><br>**MEMORANDUM OPINION AND**<br><br>**ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On May 7, 2014, Plaintiff filed a Complaint seeking review of the denial of his application for Disability Insurance Benefits. (Docket Entry No. 3). The parties consented to proceed before the undersigned

1

United States Magistrate Judge. (Docket Entry Nos. 8, 10). On September 5, 2014, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 13-14). On December 17, 2014, the parties filed a Joint Stipulation ("Joint Stip."), setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 19).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed May 8, 2014 (Docket Entry No. 7).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On June 7, 2011, Plaintiff, formerly employed as a security guard and as a janitor (see AR 41-44, 135) filed an application for Disability Insurance Income, alleging an inability to work since June 1, 2004 due to back and right leg pain (sciatica) and asthma. (See AR 111-14, 144).[1] On September 19, 2012, the Administrative Law Judge, Sally Reason

---

[1] Plaintiff was incarcerated from approximately November 2003 to December 2008. (See AR 36, 38, 144).

On January 14, 2009, Plaintiff apparently filed an application for Supplemental Security Income ("SSI") alleging disability due to his lumbar spinal impairment (see Joint Stip. at 4; AR 35). That application apparently was granted, and Plaintiff was awarded SSI benefits commencing January 14, 2009 (see Joint Stip. 4; AR 35-36, 48 [At the administrative hearing, the ALJ stated, "[T]hey granted his SSI to the filing date, 1/14/09, and there is a determination that he wasn't eligible prior to the date last insured."). (Neither party has provided the Court with a copy of the application or the grant of that application.)

2

("ALJ"), heard testimony from Plaintiff and vocational expert Irma Bebe. (See AR 35-59). On October 10, 2012, the ALJ issued a decision denying Plaintiff's application. After finding that through the date last insured (June 30, 2008) Plaintiff suffered the following severe impairment -- degenerative disc disease of the lumbar spine (see AR 17-18),[2] the ALJ found that Plaintiff had the residual functional capacity[3] to perform light work[4] including lifting up to 20 pounds occasionally and 10 pound frequently, and sitting up to 6 hours in an 8-hour workday, but was limited to standing and/or walking up to 2 hours in an 8-hour workday and to occasional kneeling, crouching and stooping. (See AR 18-20). Finding that through the date last insured Plaintiff was capable of performing his past relevant work as a security officer, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (See AR 20).

Plaintiff requested that the Appeals Council review the ALJ's decision. (See AR 7-11). The request was denied on February 12, 2014. (See AR 1-5). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g); 1383©.

---

[2] The ALJ found that asthma was not a severe impairment. (See AR 17).

[3] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b) and 416.967(b).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in: (1) determining that Plaintiff was not disabled prior to the date last insured (June 30, 2008); and (2) rejecting Plaintiff's testimony regarding his symptoms and limitations prior to the date last insured (June 30, 2008). (See Joint Stip. at 3-5, 10-14, 19-20).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's first claim of error warrants a remand for further consideration. Since the Court is remanding the matter based on Plaintiff's first claim of error, the Court will not address Plaintiff's second claim of error.

**A.  The ALJ Erred in Failing to Properly Consider All of the Probative Medical Evidence**

Plaintiff asserts that the ALJ erred in concluding that Plaintiff was not disabled prior to the date last insured (June 30, 2008), based on the ALJ's failure to consider probative medical evidence in the record (namely, Plaintiff's transport and treatment records at Coalinga Regional Medical Center on December 17, 2004 (see AR 218-27); and Plaintiff's Magnetic Resonance Image ("MRI") at Coalinga Regional Medical Center on April 25, 2005 (see AR 215-16)). (See Joint Stip. at

4

3-5, 10-11).[5] Defendant asserts that the evidence in the record supported the ALJ's determinations regarding Plaintiff's residual functional capacity and lack of disability. (See Joint Stip. at 5-9).

The first set of records show that on December 17, 2004, Plaintiff complained of progressively worsening lumbar spine pain that started on his right inner thigh and traveled up his right abdomen to his lumbar spine, his pain was severe (8 out of 10) and increased with movement, he was unable to walk or stand, and his back had "tightened up." He was transported to Coalinga Regional Medical Center (see AR 218-19), where an X-ray of the lumbar spine showed "Grade 1 spondylolisthesis at the L4-5 level", "Hypolorodosis and mild scoliosis" and "Degenerative disc disease" (see AR 226), and Plaintiff was prescribed Toradol (see AR 223, 225).

The second set of records show that on April 25, 2005, an MRI of Plaintiff's lumbar spine was taken at Coalinga Regional Medical Center, and revealed the following impressions: "Degenerative disc disease and degenerative joint disease"; "T12/L1 posterior disc protrusion measuring approximately 3 mm"; "L2/L3 posterior disc protrusion measuring approximately 3 mm"; "L3/L4 posterior disc protrusion measuring

---

[5] To the extent that Plaintiff is basing his claim on the ALJ's alleged failure to address the determination that Plaintiff was found to be disabled as of January 14, 2009 for purposes of Supplemental Security Income benefits (see Joint Stip. at 3-5, 10-11), Plaintiff has failed to allege how that determination is relevant to the present case. In any event, it appears the ALJ was aware of, and considered, Plaintiff's receipt of Supplemental Security Income benefits. (See AR 18, 48).

approximately 3 mm, possible impingement of the right L3 nerve root at the right neural canal, and possible impingement of the right L4 nerve root at the right lateral recess"; and "L4/L5 posterior disc protrusion measuring approximately 5 mm, fissure of annulis fibrosis, and impingement of the right L5 nerve root at the right lateral recess." (See AR 215-16).

The two sets of records are relevant, in that they concern issues with Plaintiff's lumbar spine between June 1, 2004 (the alleged onset date of disability) and June 30, 2008 (the date last insured). Although Plaintiff's attorney at the hearing informed the ALJ about Plaintiff's back problems in 2004 and 2005 (see AR 36), and although the two sets of records were included in the administrative record, the ALJ failed to discuss or consider them. (See AR 18-19). Indeed, the ALJ's only reference to the exhibit in which these records were included (Exhibit 1F) was limited to "an episode of atypical chest pain in July 2006" (AR 19) and there is no indication that the ALJ reviewed or considered the other records contained within that exhibit. Id. The Court finds that the the ALJ erred in failing to consider such probative evidence. See Vincent v. Heckler, 739 F.2d 1393, 1396 (9th Cir. 1984)("[The ALJ] must explain why significant probative evidence has been rejected.")(internal quotation marks omitted).[6]

---

[6] The Court will not consider the Defendant's argument that the 2004 and 2005 records at issue support the ALJ's findings (see Joint Stip. at 8), because, as discussed above, there is no indication that the ALJ reviewed or considered these records in making her findings. See Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001); SEC v.

(continued...)

**B.  Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to properly consider probative evidence, remand is appropriate.  Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of Social Security Act," further

---

[6] (...continued)
Chenery Corp., 332 US 194, 196 (1947).

The Court is unable to find that the ALJ's error was harmless, because it is not "clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination."  See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008)(quotation marks and internal quotation marks omitted).

administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[7]

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).[8]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 28, 2015

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[7] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on Plaintiff's contention regarding the ALJ's failure to properly reject Plaintiff's testimony regarding his symptoms and limitations prior to the date last insured (June 30, 2008) (see Joint Stip. at 11-14, 19-20). Because this matter is being remanded for further consideration, this issue should also be considered on remand, if necessary.

[8] The ALJ should obtain the assistance of a medical expert to determine the onset date of disability only if necessary.